# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WENDELL K. HOLLINGSWORTH,**        CASE NO. 2:10-CV-046
                                                                      JUDGE MARBLEY
        **Petitioner,**                                     MAGISTRATE JUDGE KEMP

**v.**

**MICHAEL SHEETS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.

Upon review of petitioner's financial affidavit, Doc. No. 2, **IT IS ORDERED THAT** petitioner be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed.

According to the petition, this action involves petitioner's September 19, 2007, convictions after a jury trial in the Franklin County Court of Common Pleas on aggravated robbery, felonious assault, kidnapping, and having weapons while under disability. The trial court sentenced petitioner to 93 years incarceration. On May 20, 2008, the Ohio Tenth

District Court of Appeals affirmed petitioner's convictions and sentence. *State v. Hollingsworth*, 2008 WL 2122340 (May 20, 2008). On October 1, 2008, the Ohio Supreme Court dismissed his subsequent appeal. *State v. Hollingsworth,* 119 Ohio St. 3d 1470 (October 1, 2008). On June 17, 2008, petitioner filed a petition for post conviction relief in the state trial court; however, the trial court dismissed his post conviction petition as untimely. *See State v. Hollingsworth*, 2009 WL 989158 (April 14, 2009).

On January 15, 2010, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of effective assistance of counsel. Counsel denied petitioner the right to a fair trial. 5th, 6th, and 14th Amendment violation.
>
> 2. Consecutive prison term of 93 years. Trial court denied petitioner due process and equal protection by creating cruel and unusual punishment when imposing consecutive sentencing.
>
> 5th, 8th, and 14th Amendment violation.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on December 30, 2008, *i.e.*, ninety days after the Ohio Supreme Court's October 1, 2008, dismissal of his appeal, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The statute of limitations expired one year later, on December 30, 2009. Petitioner failed to execute his habeas corpus petition until January 13, 2010. Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue here. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003). Petitioner's post conviction petition did not

toll the running of the statute of limitations, since the state trial court denied such action as untimely. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue should the case be dismissed.

4

/s/ Terence P. Kemp  
United States Magistrate Judge